UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- x
ANTHONY WINSTON HALL,

                              Plaintiff,

      -against-

MR. COOPER f/k/a NATIONSTAR MORTGAGE
LLC,

                            Defendant.
----------------------------------------------------------- x

MEMORANDUM & ORDER

19-cv-1684 (ENV) (CLP)

VITALIANO, D.J.

      Plaintiff Anthony Winston Hall filed this action on March 25, 2019, having paid the filing fee.[1] For the reasons set forth below, plaintiff is granted 30 days from the date this Order is entered on the docket to file an amended complaint.

## Legal Standard

      Complaints filed by *pro se* litigants like Hall are held to less stringent standards than pleadings drafted by attorneys; the Court is required to read plaintiff's *pro se* complaint liberally and to interpret it as raising the strongest arguments it suggests. *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). Moreover, at the pleadings stage, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009)). Nonetheless, the complaint

---

[1] The Court notes that plaintiff recently filed several other essentially identical actions against different defendants. *See, e.g., Hall v. Shellpoint Mortg. Servicing LLC*, No. 19-cv-1807 (ENV) (CLP); *Hall v. Select Portfolio*, No. 19-cv-1683 (ENV) (CLP).

1

must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). Moreover, regardless of whether a plaintiff has paid the filing fee, a district court has the inherent power to dismiss a case, *sua sponte*, if it determines that the action is frivolous or the court lacks jurisdiction over the matter. *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000); Fed. R. Civ. P. 12(h)(3).

## Discussion

Plaintiff's voluminous complaint is rambling and nonsensical and makes inexplicable references to, *inter alia*, bank loans, "Libel of Review pursuant to the Law of Nations," "maritime liens and notice of intent to levy," tax liens and foreign relations. Plaintiff states that this is "an admiralty/maritime cause of action," and that

> said Petitioners/Claimants as Petitioners and for the protection of their person, property, estate and trust thereby enters [*sic*] their Complaint of Involuntary Servitude and Peonage due to wanton and malicious acts and threats, duress, coercion, fraud by Defendants in violation of the Laws of the forum [U]nited States of America and the Law of Nations.

Compl. at 8.[2] Plaintiff further states, "Petitioners reserves [*sic*] their right to petition this court to issue Letters Rogatory to foreign and domestic courts for oral examination of parties concerning treaties, compacts, agreements, contracts and the like involving the Defendents [*sic*] et [a]l." *Id.* at 9. Unfortunately, made manifest by the varied legal references in this rambling complaint, a

---

[2] The Court refers to the page numbers assigned by the court's Electronic Case Filing ("ECF") system.

little bit of knowledge is not necessarily a good thing.

To offer a fresh start, plaintiff is advised that, pursuant to Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of claim against a defendant so that the defendant has adequate notice of the claims against it. *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that merely "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id.* (citations and alterations omitted). Plaintiff must provide facts sufficient to allow the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly v. Bell*, 425 F.3d 99, 106 (2d Cir. 2005) (defining "fair notice" as "that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so that it may be assigned the proper form of trial." (quoting *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995))). A court may dismiss a complaint that is "so confused, ambiguous, vague or otherwise unintelligible that its true substance, if any, is well disguised." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Here, plaintiff's claims may reveal themselves to be frivolous, but, in light of this Court's duty to construe *pro se* complaints liberally and out of an abundance of caution, the Court will allow plaintiff leave to file an amended complaint in compliance with Rule 8(a) of the Federal Rules of Civil Procedure. *Cf. Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000).

## Conclusion

Accordingly, rather than dismiss his complaint outright, plaintiff is granted 30 days leave from the date this Order is entered on the docket to file an amended complaint that must comply

with Rule 8(a) of the Federal Rules of Civil Procedure. Should plaintiff elect to file an amended complaint, the amended complaint must state the basis for federal jurisdiction, set forth the factual allegations to support his claims against the defendant in a clear and concise manner, and state the relief that he is seeking with respect thereto. Plaintiff must identify defendant, and any additional defendants, in both the caption and the body of the amended complaint, and name as proper defendants those individuals who have some personal involvement in the actions he alleges in the amended complaint. Plaintiff must also provide the dates and locations for each relevant event.

Hall is further advised that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, plaintiff must include in the amended complaint all the necessary information that was contained in the original complaint (to the extent there was any). The amended complaint must be captioned as an "Amended Complaint" and bear the same docket number as this order. Hall is also notified that if he fails to file an amended complaint that complies with this Order within the time granted, this action will be dismissed as frivolous and the dismissal will be with prejudice.

Although plaintiff paid the filing fee, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this order to plaintiff.

So Ordered.

Dated: Brooklyn, New York
    April 23, 2019

                                    /S/ USDJ ERIC N. VITALIANO

                                    ERIC N. VITALIANO
                                    United States District Judge